# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TIMOTHY FULLER | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-00066 |
| | § | Judge Mazzant |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying his claim for disability insurance benefits. After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be affirmed.

## HISTORY OF THE CASE

Plaintiff protectively filed his application for disability insurance benefits and supplemental security income under Title II of the Social Security Act, on October 7, 2011, alleging disability beginning on September 22, 2010 (TR 13, 39-40). These applications were denied initially by notice and upon reconsideration, after which the claimant timely requested a hearing before an ALJ (TR 13, 84-103).

After holding a hearing on September 11, 2012, the ALJ denied benefits on December 21, 2012 (TR 10-27). On March 13, 2008, Plaintiff requested Appeals Council review of the ALJ's decision, and on December 3, 2013, the Appeals Council denied Plaintiff's request for review, making the decision of the ALJ the final decision of the Commissioner leading to judicial review (TR 1-9).

---

[1]  On November 7, 2014, the undersigned entered a report and recommendation in this case as the United States Magistrate Judge to whom this case was referred. This case is now assigned to the undersigned as the United States District Judge, and this memorandum opinion and order is issued accordingly.

## STATEMENT OF THE FACTS

Plaintiff was born on April 27, 1959, making him a 51-year-old male at the time of his alleged onset date (TR 40, 82). He is considered an individual "closely approaching advanced age" (TR 25). Plaintiff earned a high school education and attended one year of junior college (TR 26, 37). However, Plaintiff did not complete any vocational training. (TR 37-38). Plaintiff has previous work experience as a materials handler and as a supply chain specialist; however, he discontinued work on September 22, 2010, his alleged onset date of disability, claiming the following impairments: severe tinnitus and hyperacusis; inability to concentrate or sleep; Epstein-Barr virus; depression; fatigue; limited strength; and balance problems (TR 38, 40, 136).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After hearing testimony and conducting a discussion of Plaintiff's medical data, the ALJ made the prescribed sequential evaluation. The ALJ held that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (TR 15). The ALJ determined that although Plaintiff's medical impairments of tinnitus, back disorder (discogenic and degenerative), and depression were severe, they were not severe enough, either singularly or in combination, to meet or medically equal the severity of one of the listed impairments (TR 16). The ALJ held that Plaintiff retained the residual functional capacity to perform light work, excluding climbing ladders and scaffolds, and concentrated exposure to noise and hazards (TR 17-18). The ALJ further concluded that Plaintiff did not have any visual or communicative limitations, is able to maintain concentration for at least two-hour intervals, and is able to learn and carry out simple instructions (TR 18). The ALJ held that Plaintiff did not retain the residual functional capacity to perform any past relevant work (TR 25). However, based on testimony from the vocational expert and the residual functional capacity, the ALJ found there are jobs that

exist in significant numbers that Plaintiff could successfully perform (TR 26-27). Therefore, the ALJ found Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act (TR 27).

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook*, 750 F.2d at 393. In determining capability to perform "substantial gainful activity", a five-step sequential evaluation process is used, as described below. 20 C.F.R. § 1520(a)(4).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520. First, a claimant who at the

time of his disability claim is engaged in substantial gainful employment is not disabled. 20

C.F.R. § 404.1520(b). Second, the claimant is not disabled if his alleged impairment is not

severe, without consideration of his residual functional capacity, age, education, or work

experience. 20 C.F.R. § 404.1520(c). Third, if the alleged impairment is severe, the claimant is

considered disabled if his impairment corresponds to an impairment described in 20 C.F.R.,

Subpart P, Appendix I. 20 C.F.R. § 404.1520(d). Fourth, a claimant with a severe impairment

that does not correspond to a listed impairment is not disabled if he is capable of performing his

past work. 20 C.F.R. § 1520(e). Finally, a claimant who cannot return to his past work is not

disabled if he has the residual functional capacity to engage in work available in the national

economy. 20 C.F.R. § 404.1520(f); 42 U.S.C. § 1382(a).

## ANALYSIS

Plaintiff raises the following issues on appeal: (1) the ALJ improperly rejected the

opinions of Plaintiff's treating and examining physicians; and (2) the Commissioner's credibility

determination is not supported by substantial evidence.

In Plaintiff's first issue, he asserts that the ALJ failed to show "good cause" supported by

evidence when he assigned less weight to the opinions of Plaintiff's treating physicians. An ALJ

may only assign less weight to a treating physician's opinion where "good cause" is shown.

*Greenspan*, 38 F.3d at 237. Furthermore, Plaintiff contends that the ALJ erred by failing to give

good reasons in his decision for the weight assigned to medical sources' opinions as required

under the Social Security Administration Regulations. 20 C.F.R. § 404.1527(d)(2).

The opinion of a treating physician who is familiar with the claimant's impairments,

treatments, and responses should be accorded great weight in determining disability. *Martinez v.*

*Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (citing *Greenspan*, 38 F.3d at 237). A treating

physician's opinion on the nature and severity of a patient's impairments will be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. *Id.* (citing 20 C.F.R. § 404.1527(c)(2)). On the other hand, "[g]ood cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton v. Apfel*, 209 F.3d 448,456 (5th Cir. 2000).

Where the ALJ rejects the opinion of a treating physician, the Fifth Circuit has held that, "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Id.* at 453. Under the statutory analysis, the ALJ must evaluate: (1) the "length of the treatment relationship and the frequency of the evaluation," (2) the "nature and extent of the treatment relationship," (3) the supporting evidence presented by the physician, (4) the level of consistency between the physician's opinion and the record, (5) the physician's specialization, and (6) any other relevant factors. 20 C.F.R. § 404.1527(c)(2)-(6). However, perfection in administrative proceedings is not required, and a judgment will not be vacated unless the substantial rights of a party have been affected. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

The ALJ is also permitted to assign the opinions of the treating physician "little or no weight when good cause is shown. Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory,

is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton*, 209 F.3d 455-56. Social Security Ruling 96-2p states that a medical source statement from a treating source, well-supported by medically acceptable evidence, and not inconsistent with other substantial evidence in the record, is entitled to controlling weight. *See* SSR 96-2p; *Newton*, 209 F.3d at 456. However, the ruling further explains:

> If any of the [six] factors is not satisfied, a treating source's opinion cannot be entitled to controlling weight. It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with other substantial evidence in the case record.

*See* SSR 96-2p; *Newton*, 209 F.3d at 456.

The Fifth Circuit has additionally explained that "[t]he *Newton* court limited its holding to cases where the ALJ rejects the sole relevant [treating or examining] medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009). Therefore, when rejecting the opinion of a treating physician, the ALJ need not necessarily present an analysis of the Section 404.1527(c)(2) factors when there are competing opinions from other treating or examining physicians. *See id.* at 466-67.

Finally, the Fifth Circuit has held that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of *any* physician when the evidence supports a contrary conclusion." *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (emphasis added); *see also Martinez*, 64 F.3d at 176 ("Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has the sole responsibility for determining a claimant's disability status" and "is free to reject the opinion of any physician when the

evidence supports a contrary conclusion").

Plaintiff argues the ALJ either offered no indication of why he rejected the opinions or only accepted part of the opinions of Plaintiff's treating and examining physicians, including: Drs. Billy Boring, Sr. ("Dr. Boring"), Richard Brown ("Dr. Brown"), Paul Flavill ("Dr. Flavill"), Linda Chlipala ("Dr. Chlipala"), James Harrison ("Dr. Harrison"), a physical therapist, and a functional capacity examiner. Plaintiff cites Dr. Boring's March 10, 2011 letter, stating "at present, he is unable to work as he is undergoing tests by different specialists to determine his specific diagnosis" (TR 335). The Fifth Circuit interpreted the regulations for evaluating opinion evidence and found that the factors in 20 C.F.R. § 404.1527(d), only apply to medical opinions of treating physicians. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). Furthermore, the regulation expressly states that some opinions by physicians have no special significance, including statements that an applicant is "unable to work." 20 C.F.R. § 404.1527(d)(1). The Fifth Circuit has ruled "these determinations are legal conclusions" reserved to the Commissioner and are not entitled to controlling weight. *Barnhart*, 326 F.3d at 621.

Plaintiff further contends the ALJ misstated Dr. Flavill's opinion, finding that Plaintiff could return to a modified work schedule when Dr. Flavill modified his opinion merely a week later. In his determination, the ALJ noted Dr. Flavill's diagnosis and treatment of general myopathy with intermittent hand numbness (TR 19). The ALJ notes Plaintiff's February 4, 2011 visit where "the claimant was observed as walking well with a steady gait, good strength to manual testing in his arms and legs, normal reflexes, and good hand coordination" (TR 19). The ALJ further notes Dr. Flavill's proposal to return Plaintiff to work on a modified work schedule despite Plaintiff's statement he did not feel he could return to work (TR 19). The ALJ properly reviewed Dr. Flavill's medical findings and noted them in his determination as required in the

regulations.

Additionally, Plaintiff argues the ALJ offered no indication of why he rejected Dr. Brown's opinion that claimant was unable to work under his current job description given his arm weakness and inability to lift and drive. The ALJ considered Plaintiff's treatment plan which resulted in "much better neck pain and virtually no arm pain" by November (TR 19). The ALJ further noted Dr. Brown's December 3, 2010 finding that "claimant's neck and arm pain had improved, but significant weakness continued" after which he was prescribed support hose and an abdominal binder (TR 19). Again, Dr. Brown's determination that he is "unable to work in any capacity in his current job description" falls outside the scope of qualified medical opinions, and instead reflects a determination on issues reserved to the Commissioner. More importantly, the ALJ agreed with this opinion in deciding "the claimant is unable to perform any past relevant work" (TR 25).

The Court also rejects Plaintiff's contention that the ALJ failed to properly review the opinions of Drs. Harrison and Chlipala and offer reasons why they were rejected. Under step five of his sequential evaluation, the ALJ noted Plaintiff's mental history and neuropsychological evaluation in support of his determination (TR 21). The ALJ described in detail Plaintiff's complaints of depression, anxiety, and annoyance at his tinnitus (TR 21). The ALJ went on to discuss Dr. Chlipala's examination results, specifically noting claimant's "demonstrated overall intellectual functioning in the borderline range, with a Full-Scale IQ score of 72"; WRAT-4 results that found "low average to average" performance; "mild impairment in neurocognitive functioning"; and "deficits in processing speed, memory, visual perceptual processing and bilateral fine motor dexterity" (TR 21). Contrary to Plaintiff's argument, the ALJ did not in fact reject the doctor's opinion and stated he gave "weight to Dr. Chlipala's assessment, and limited

the claimant to simple tasks and instructions, giving claimant the benefit of any doubt" (TR 21).

Similarly, the ALJ evaluated findings of physical impairments and based his decision in support of physical therapist Blake Randle's findings. During the functional capacity exam, the examiner noted patient's dizziness and loss of balance as support for his recommendation that Plaintiff not work full-time, as his then-current occupation of Supply Chain Specialist required physical demands in excess of his safe capacity (TR 304). The ALJ ruled in agreement with this assessment in ruling that "claimant is unable to perform any past relevant work" (TR 25). The ALJ properly evaluated the medical opinion evidence, and the Court finds the decision is supported by substantial evidence.

In Plaintiff's second issue, he asserts that the ALJ's step five finding is unsupported by substantial evidence. Plaintiff cites his pain, weakness, fatigue, impaired balance, EMG study showing evidence of cervical radiculopathy, MRI, myelogram, and statements by examining sources as evidence for disabling limitations preventing him from participating in gainful employment. Plaintiff's position is that the ALJ's credibility finding lacks the specificity to show and explain the reasoning behind Plaintiff's allegations he found not to be credible.

At the time of an administrative hearing, the decision regarding a claimant's residual functional capacity rests with the ALJ. 20 C.F.R. § 404.1546; *Ripley v. Charter*, 67 F.3d 552, 557 (5th Cir. 1995). The burden to prove disability by demonstrating a physical impairment lies with the claimant. *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987); 20 C.F.R. § 404.1512(a).

The determination of a claimant's residual functional capacity is a medical question that must be supported by medical evidence indicating how a plaintiff's impairments are now affecting his ability to function in a work setting. 20 C.F.R. §§ 404.1529, 404.1545(a). In assessing a claimant's residual functional capacity, an ALJ must cite specific medical evidence

supporting his conclusions. *Bryant v. Astrue*, 272 F. App'x 352, 356 (5th Cir. 2008).

The ALJ evaluated Plaintiff's physical impairments and determined that he had disability limitations preventing him from "concentrated exposure to noise and hazards, such as unprotected heights and dangerous moving machinery" (TR 17-18). However, the ALJ found Plaintiff was not limited to pushing or pulling, and did not suffer from any visual or communicative limitations (TR 17-18). The ALJ also evaluated Plaintiff's mental impairments and determined that Plaintiff had no limitations preventing him from learning and carrying out simple instructions, maintaining concentration for two-hour intervals, and adapting to small changes in work environments (TR 17-18). Based upon the testimony of a vocational expert, the ALJ found that Plaintiff could not perform his past relevant work, but retained the ability to perform other work existing in significant numbers in the national economy (TR 25-26).

Plaintiff established care with Dr. Brown on October 11, 2010, demonstrating "profound" weakness of both arms; however, as the ALJ notes, "he demonstrated full cervical range of motion" and no atrophy was reported (TR 18). Plaintiff's pain had also "improved from an initial level of 5-7 out of 10, to 2 to 3 out of 10" by December 16, 2010, as a result of engaging in physical therapy (TR 19). Furthermore, the ALJ noted the results of Plaintiff's December 3, 2010 follow-up visit with Dr. Brown, where the doctor found that Plaintiff's neck and arm pain had seen improvement, "but significant weakness continued" (TR 19). On October 22, 2010, Plaintiff established care with Dr. Flavill, who noted claimant's continued cervical pain and intermittent hand numbness (TR 19). Subsequently, on February 4, 2011, Dr. Flavill observed Plaintiff's normal reflexes, walking with a steady gain, good strength in his arms and legs, and good hand coordination (TR 19). On that date, Dr. Flavill proposed Plaintiff return to work on a modified level contrary to claimant's opinion (TR 19). The ALJ also noted Dr.

Boring's March 1, 2011 finding of Plaintiff's notable improvement resulting from physical therapy (TR 19). Due to auditory problems and dizziness, on February 21, 2011, Plaintiff presented to Dr. Chamblee for testing, which revealed a thirty-one percent deficit in the left ear (TR 19-20). However, the ALJ noted Plaintiff's work recognition scores were normal (TR 20).

The ALJ properly considered the factors as required in the Social Security Administration Regulations in his credibility evaluation of Plaintiff's statements. In his determination, the ALJ noted that Plaintiff was only moderately restricted in his daily activities. (TR 17). Specifically, the ALJ discussed that Plaintiff is "able to shop for groceries, prepare basic meals, handle money, and lift about 20 pounds" (TR 17). In addition, the ALJ considered Plaintiff's statements that his daily activities consisted of "reading, watching television, and walking up to 4 miles at a time 2 to 3 times a week" (TR 21-22). Furthermore, the ALJ considered Plaintiff's wife's statements that Plaintiff could perform personal care activities very slowly; was limited in his food preparation; "hardly moves on bad days"; is "unable to think as well as before, or remember"; and suffers from "spasms, blackout spells, concentration problems, and fatigue" (TR 22). The ALJ also noted the frequency and intensity of Plaintiff's pain in regards to Plaintiff's fatigue, tinnitus resulting in balance problems, hand numbness, depression, and muscle problems including trouble with his back and neck (TR 21-23). Also noted in the ALJ's determination were aggravating conditions of Plaintiff's symptoms such as working in loud environments (TR 22). The ALJ further addressed effects of medication and therapy, including an eighty percent improvement in balance and decrease in pain reported by Texoma Physical Therapy and Baylor Institute for Rehab, respectively (TR 19-20). The ALJ also closely observed and considered Plaintiff's behavior, responses to questions, and entrance and exit (TR 22).

The ALJ's finding is also supported by assessments from medical sources. Any

statements by medical professionals as to the ability of a claimant to work, such as statements that a claimant is unable to work, have no special significance. 20 C.F.R. § 404.1527(d). Again, contrary to Plaintiff's contention, the ALJ properly considered the opinions of Dr. Brown and Dr. Boring. Additionally, the ALJ discussed the impact of the residual functional capacity assessment in his determination that Plaintiff is unable to perform past relevant work, but is able to perform the physical and mental demands of "light unskilled occupations" that exist in significant numbers in the national economy (TR 26).

The ALJ properly considered the evidence in his determination that Plaintiff has not been disabled as described in the Social Security Administration Regulations. The ALJ properly confronted evidence opposing his conclusion, and limited Plaintiff to employment within his limited physical and mental capabilities. Plaintiff has failed to establish that he had greater limitations than found by the ALJ. The ALJ's credibility finding included the required specificity and was properly evaluated under the guidelines. Plaintiff failed to make a sufficient showing that would require remand on these issues, and the Court finds the decision of the ALJ is supported by substantial evidence.

## CONCLUSION

Pursuant to the foregoing, the Court finds that the decision of the Administrative Law Judge is **AFFIRMED**.

**IT IS SO ORDERED.**
**SIGNED this 7th day of January, 2015.**



_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE